UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| **DENNIS JAMES JONES, JR.,** | ) | | |
| | ) | | |
| **Plaintiff,** | ) | | |
| | ) | | |
| v. | ) | No.: | 3:18-cv-00367 |
| | ) | | REEVES/GUYTON |
| **SGT. J. SMITH, SGT. T. MCKAMEY, CPL G. GILSON, DEPUTY EARLEY, DEP. R. BRISK, DEPUTY YOUNG, DEP. D. THOMPSON, DEPUTY DAVIS, and DEPUTY WARD,** | ) ) ) ) ) ) | | |
| **Defendants.** | ) | | |

## MEMORANDUM & ORDER

This pro se prisoner's complaint for violation of civil rights filed pursuant to 42 U.S.C. § 1983 is now before the Court for screening of the complaint pursuant to the Prison Litigation Reform Act ("PLRA").

I.  **SCREENING STANDARD**

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

## II. ALLEGATIONS OF THE COMPLAINT

Upon his arrival at the Anderson County Jail, Sgt. Smith placed Plaintiff in Unit 2 workers' pod and asked him to inform officers of inmates brought drugs into the jail from work [Doc. 2 p. 4]. Plaintiff agreed to this arrangement, and approximately one month later, Deputy Brisk got on the jail's intercom and asked, "Mr. Jones, who are you sni[t]ching on this time?" [*Id*.]. Because of the statement, Plaintiff was moved to Unit 5, where Deputy Brisk again told other inmates that Plaintiff was a snitch [*Id*.]. Thereafter, Plaintiff was moved to Unit 7, which was on lockdown, and Cpl. G. Gilson told Deputy Ward to remove all of Plaintiff's belongings [*Id*.]. Deputy Ward removed all of Plaintiff's property from the cell, but Deputy Young brought Plaintiff's property back the following day [*Id*. at 4-5]. Plaintiff retained his property for a day before Sgt. McKamey again removed Plaintiff's property from his cell, with Deputy Young retrieving the property and returning it to Plaintiff upon his arrival at the jail [*Id*. at 5].

Plaintiff claims that he was asleep when Deputy Earley came to his cell yelling about Plaintiff's vent being covered, and that Deputy Earley sprayed mace in Plaintiff's face and punched him on the right side of his face [*Id*. at 5]. Plaintiff asserts that the following day, his breakfast tray had soap in it, and his lunch tray contained only one piece of bread [*Id*.]. Plaintiff brought the issue to the attention of Deputy Thompson, who made the kitchen give Plaintiff adequate food [*Id*.].

Plaintiff asserts that he was brought handcuffed into Sgt. Smith's office the following day, and that Sgt. Smith slapped him in the face and threatened him [*Id.* at 6]. During the next shift, Plaintiff's property was again taken by Deputy Davis, but the property was subsequently returned [*Id*.]. That evening, Plaintiff claims, he was taken to the "lawyers trap," where Sgt. McKamey punched him in the head and ribs and trapped him in between a table and a wall [*Id*.].

### III. ANALYSIS

First, the Court finds that the temporary confiscation of Plaintiff's property, presumably as a punitive measure, does not constitute a due process violation if there is a meaningful post-deprivation remedy available. *See, e.g., Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981). Tennessee law provides an avenue for prisoners to recover personal property. *See McQuiston v. Ward*, 2001 WL 839037 * 1 (Tenn. Ct. App. July 25, 2001) (citing to Tenn. Code. Ann. § 29-30-101 and § 29-30-201). Therefore, to the extent that Plaintiff has been deprived of his property, the Court finds that he has not shown that Tennessee's statutory remedies are inadequate, and therefore, he has not stated a claim that would entitle him to relief under § 1983. *See Bailey*, 15 F. App'x at 251 (observing that even if due process deprivation was shown through co-pay charge, "the inmates failed to allege that the post-deprivation procedure is inadequate").

Moreover, the Court finds that the temporary removal of Plaintiff's property is a *de minimis* deprivation that fails to implicate constitutional concerns. *See, e.g., George v. Lamey*, No. CV 06-41-GFSEH, 2007 WL 118912, at *3 (D. Mont. Jan. 8, 2007) (dismissing as frivolous claim that inmate's toothbrush and cutlery were confiscated for two weeks); *Redmond v. Garvey*, No. 91-CIV-6777-AGS, 1998 WL 600992, at *3 (S.D.N.Y. Sept. 10, 1998) (temporary deprivation of possessions does not raise constitutional claim). Accordingly, this claim will be dismissed.

Next, the Court finds that Plaintiff's allegation that he was placed in danger or threatened and harassed by Defendants labeling him as a "snitch" does not constitute a constitutional violation. *See Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (holding that allegations of harassment and verbal abuse are insufficient to assert a claim under the Eighth Amendment). Even if one or more Defendants deliberately "outed" Plaintiff in an attempt to cause him difficulty, Plaintiff was promptly moved each time his status as an informant was revealed. As such, this allegation fails to state a claim upon which relief may be granted under § 1983.

Additionally, the Court finds that Plaintiff's allegation that his food was inadequate and/or soapy on two occasions is insufficient to state a claim upon which relief may be granted under § 1983, as nothing in his complaint allows the Court to plausibly infer that the food has affected Plaintiff's health in any way. *See Cunningham v. Jones*, 567 F.2d 653, 659–60 (6th Cir. 1977) (providing that where a prisoner's diet is sufficient to sustain the prisoner's good health, no constitutional right has been violated).

However, the Court finds that Plaintiff's allegations that Sgt. Smith, Sgt. McKamey, and Deputy Earley slapped, punched, and/or maced him do state a claim upon which relief may be granted under § 1983, and this claim will proceed.

## IV. CONCLUSION

For the reasons set forth above:

1. Plaintiff has failed to state a claim against Cpt. G. Gilson, Dep. R. Brisk, Deputy Young, Dep. D. Thompson, Deputy Davis, and Deputy Ward, and these Defendants are **DISMISSED** from this action;

2. This action will **PROCEED** only as to the claim that Defendant Sgt. J. Smith, Sgt. T. McKamey, and Deputy Earley used excessive force against Plaintiff while he was housed at the Anderson County Jail;

3. All other claims in the complaint are **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983;

4. The Clerk is **DIRECTED** to send Plaintiff service packets (a blank summons and USM 285 form) for Defendants Smith, McKamey, and Earley. Plaintiff is **ORDERED** to complete the service packets and return it to the Clerk's Office within twenty (20) days of receipt of this order. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Fed. R. Civ. P. 4;

5. Service shall be made on Defendants pursuant to Rule 4(e) of the Federal Rules of Civil Procedure and Rule 4.04(1) and (10) of the Tennessee Rules of Civil Procedure, either by mail or personally if mail service is not effective;

6. Plaintiff is forewarned that if he does not return the completed service packets within the time required, the Court may dismiss this action;

7. Defendants shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If any Defendant fails to timely respond to the complaint, it may result in entry of judgment by default against that Defendant;

8. Plaintiff is also **NOTIFIED** that if he fails to timely comply with this order, this action will be dismissed for failure to prosecute and to follow the orders of this Court; and

9. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

**E N T E R**:

*/s/ Pamela L. Reeves*
**CHIEF UNITED STATES DISTRICT JUDGE**