# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| DENNIS JAMES JONES, JR., ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SGT. J. SMITH, SGT. T. MCKAMEY, CPL ) <br> G. GILSON, DEPUTY EARLEY, DEP. R. ) <br> BRISK, DEPUTY YOUNG, DEP. D. ) <br> THOMPSON, DEPUTY DAVIS, and ) <br> DEPUTY WARD, ) <br>     Defendants. ) <br> ) | No.: 3:18-cv-00367 <br> REEVES/GUYTON |

## MEMORANDUM OPINION

This is a pro se prisoner's complaint under 42 U.S.C. § 1983. On July 30, 2019, the Court entered an order directing the Clerk to send Plaintiff service packets and ordering Plaintiff to return the completed service packets within twenty (20) days of the date of the order [Doc. 8]. More than twenty days have passed, and Plaintiff has not complied with this order or otherwise communicated with the Court.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to respond to or comply with the Court's previous order is due to Plaintiff's willfulness and/or fault. Specifically, it appears that Plaintiff received the order and chose not to respond. As such, the first factor weighs in favor of dismissal.

As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendants.

As to the third factor, the Court warned Plaintiff that the Court would dismiss this case if he failed to comply with the Court's order [Doc. 8 p. 5].

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. Plaintiff is a prisoner proceeding proceed *in forma pauperis* [Doc. 5], and thus, lacks the resources for the Court to impose monetary sanctions. Additionally, Plaintiff has not attempted to communicate with this Court since filing a supplement to his application to proceed *in forma pauperis* approximately eleven months ago [*See* Doc. 4].

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of Plaintiff's action pursuant to Rule 41(b).

The Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**AN APPROPRIATE ORDER WILL ENTER.**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**